IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FLEET LEASE EXCHANGE CO., INC.
d/b/a FLEXCO FLEET SERVICES                                              PLAINTIFF

v.                              Case No. 4:24-cv-04070

GIG LOGISTICS, INC.                                                    DEFENDANT

## **ORDER**

Before the Court is an Amended Motion for Default Judgment (ECF No. 14) filed by Plaintiff Fleet Lease Exchange Co., Inc. d/b/a Flexco Fleet Services ("Plaintiff").  Defendant Gig Logistics, Inc. ("Defendant") has not responded, and the time to do so has passed.  The Court finds the matter ripe for consideration.

## I.  BACKGROUND

The unchallenged facts of this case are that sometime in June 2023, Plaintiff hired Defendant to transport two vehicles from Irving, Texas to Horsham, Pennsylvania.  (ECF No. 2, at 3). Pursuant to a contract between the parties, the vehicles were not to be "dropped off, stored at, or routed through a 3rd party location for any amount of time." (ECF No. 2, at 3).  Shortly thereafter, Defendant retained the services of Haulbeat Trans LLC ("Haulbeat"), an uninsured registered motor carrier, to transport the vehicles to Pennsylvania.  (ECF No. 2, at 3).  On June 15, 2023, an employee for Haulbeat picked up the vehicles and began transporting them to their destination. (ECF No. 2, at 3).  The same day, while transporting the vehicles, the employee was responsible for a multi-vehicle accident in Nevada County, Arkansas.  (ECF No. 2, at 4).  Both vehicles sustained significant damage because of the accident.  (ECF No, 2, at 5-6).  The employee then abandoned the vehicles following the accident, causing them to be towed.  (ECF No. 2, at 6).

On July 2, 2024, Plaintiff filed the instant action asserting a breach of contract claim against Defendant.  (ECF No. 2, at 7).  On September 23, 2024, Plaintiff filed a motion that requested an Entry of Default by the Clerk of Court.  (ECF No. 12).  On September 24, 2024, the Clerk of Court entered default against Defendant.  (ECF No. 13).  On September 30, 2024, Plaintiff filed the instant motion requesting that the Court enter default judgment against Defendant for a sum certain.  (ECF No. 14).

## II.  DEFAULT JUDGMENT

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner.  *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997).  If the court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment.  *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Plaintiff entered into a written contract with Defendant to have two vehicles transported from Irving, Texas to Horsham, Pennsylvania.  The contract held that Defendant is responsible for "operating costs, expenses, repairs, supplies, vehicles insurance, and maintenance."  (ECF No. 2, at 5).  It also read that "[i]f a vehicle is damaged while at a location other than the pick up or delivery location(s), the parties agree that the carrier [Defendant] and/or driver are solely liable for such damage, whether the carrier and/or driver are insured or not."  (ECF No. 2, at 5).  Defendant agreed to "indemnify and hold harmless [Plaintiff] from any and all claims by Contractor which may arise out of and in the course of performance of its duties."  (ECF No. 2, at 6).  Thus, the

Court finds that there was a valid and fully enforceable contact between Plaintiff and Defendant which Defendant subsequently breached.

The contract states that Defendant is responsible for costs associated with the vehicles if an incident occurs. An incident has occurred, and costs have now accumulated surrounding the vehicles. Defendant has not paid Plaintiff, nor have they indemnified Plaintiff for costs related to the vehicles. Accordingly, upon a review of the pleadings and papers on file, the Court finds that Plaintiff has demonstrated sufficient facts to support a legitimate cause of action against Defendant.

### 1. Sum Certain

Now the Court will turn to damages. Plaintiff requests that the Court enter default judgment for a sum certain and include reasonable attorneys' fees and costs. These amounts are all ascertainable from Plaintiff's evidence, so an evidentiary hearing is not necessary. *See Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988).

After determining that a default judgment should be entered, the Court must determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B). A default judgment may be entered on a sum certain upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1).

Plaintiff seeks a sum certain from Defendant in the amount of $96,711.15. Itemized and broken down, Plaintiff presents: (1) a payoff statement showing $58,465.89 paid for the totaled vehicle (ECF No. 14-2); (2) a cancelled check showing $30,000.01 paid to the towing company (ECF No. 14-3); (3) receipts showing $5,445.26 paid for body shop repairs; and (4) an affidavit statement showing $2,800.00 for the waived transportation fee. (ECF No. 14-1, at 3). The Court

is satisfied that Plaintiff's affidavits and exhibits establish the requested sum certain of $96,711.15. Accordingly, the Court finds that $96,711.15 should be awarded to Plaintiff.[1]

### 2. Attorneys' Fees and Costs

Plaintiff has retained two separate law firms as counsel. Plaintiff retained Ms. Elizabeth Fletcher ("Ms. Fletcher") of Munson, Rowlett, Moore & Boone, P.A. ("MRM&B") and then Mr. Ian R. Walsworth ("Mr. Walsworth") of FisherBroyles LLP. Plaintiff has requested attorney fees and costs in the amount of $23,991.11. The Court will address the facts and payments of each respectively.

Ms. Fletcher has provided an affidavit and billing statement in support of her requested attorney's fees of $9,018.11. (ECF No. 14-5; ECF No. 14-8). MRM&B charged Plaintiff $200.00 per hour for attorneys. In the instant case, Ms. Fletcher has billed 40.3 hours at the hourly rate of $200.00, for a total of $9,018.11.

Mr. Walsworth has provided an affidavit and billing statement in support of his requested attorneys' fees and costs of $14,973.00. (ECF No. 14-6; ECF No. 14-7). FisherBroyles LLP charged Plaintiff $400.00 per hour for attorneys and $200.00 per hour for paralegals. In the instant case, Mr. Walsworth has billed 24.9 hours at the hourly rate of $400.00, for a total of $9,960.00. Mr. Alfred Monte ("Mr. Monte") has billed 5.4 hours at the hourly rate of $400.00, for a total of $2,160.00. Ms. Emmalee Giffin ("Ms. Giffin") has billed 12.7 hours at the hourly rate of $200.00, for a total of $2,540.00. Mr. Walsworth then requests costs of $313.00 which brings Mr. Walsworth's total attorneys' fees and costs to $14,973.00.

---

[1] The Court notes that Plaintiff's proposed Order (ECF No. 14-9) includes interest at the rate of 10% per annum from the date this Order is filed until paid. However, the Court sees no mention of this in the pleadings or other papers. Thus, the Court declines to include a 10% per annum interest against Defendant.

"In a diversity case, state law generally governs the question whether there is a right to attorney's fees." *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).  Arkansas is the forum, so the Court applies the Arkansas choice-of-law rules in determining which state law governs the issue.  *Id.*  Arkansas's law relating to attorney's fees applies "where Arkansas is the forum, even where the law of another State governs substantive issues," such as the interpretation of a contract.  *Id.*  Unless otherwise barred by law or contract, Arkansas allows the recovery of reasonable attorneys' fees and costs "[i]n any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract." Ark. Code Ann. § 16-22-308.  The case at bar is for a breach of contract.  Accordingly, Plaintiff may recover reasonable attorneys' fees and costs incurred in dealing with this case.

The burden of proving reasonable attorneys' fees rests with the fee applicant.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In determining the reasonableness of an attorneys' fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 Fed. App'x. 306, 307 (8th Cir. 2016) (citing *Hensley*, 461 U.S. at 433-34). A "reasonable" hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.  *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).  The United States Supreme Court has set forth twelve factors to be considered when making a lodestar determination:  (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3. After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. 2:00-cv-2031-RTD, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006) (citing *Hensley*, 461 U.S. at 434).

Although Plaintiff has failed to offer evidence as to the prevailing rate in the community for services similar to those performed in this case, the Court may draw on its own experience and knowledge of prevailing market rates in determining a reasonable rate. *See Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). The Court has reviewed Plaintiff's pleadings and, after considering the *Hensley* factors, finds that Ms. Fletcher's number of hours and billable rate is reasonable in Texarkana, Arkansas, the community where this case was litigated. Thus, the Court finds that Ms. Fletcher's request of $9,018.11 in attorney's fees and costs is reasonable.

The Court is not persuaded that FisherBroyles LLP's hourly rate of $400.00 for attorneys and $200.00 for paralegals is reasonable for the case at bar. Mr. Walsworth has been practicing for nineteen (19) years and appears to be well versed in commercial litigation with several awards to his name. Mr. Monte has been practicing for thirty-eight years (38) and appears to specialize in federal environmental regulations. However, the case is for breach of contract and does not present any complex issue or novel concepts. This case has only been pending since July 2, 2024, and there have only been a handful of short motions filed by Plaintiff. Upon review of the case, Court

finds that an hourly rate of $400.00 for attorneys and $200.00 for paralegals to litigate a simple breach of contract case is unreasonable.

Based on the Court's experience, knowledge of the local market, and Eastern and Western Districts of Arkansas precedent, the Court finds the following rates to be reasonable: Mr. Walsworth, $300.00 per hour, Mr. Monte $250.00 per hour, and Ms. Giffin $75 per hour. *See Hale v. Belmont Mgmt. Co., Inc.*, No. 2:21-CV-02094, 2022 WL 2833983, at *2 (W.D. Ark. July 20, 2022); *see also Hum. Rts. Def. Ctr. v. Baxter Cnty., Arkansas*, No. 3:17-CV-3070, 2023 WL 7404236, at *9 (W.D. Ark. Oct. 30, 2023). Using the new rates, the Court finds attorney fees and costs in the amount of $9,772.50 is reasonable for the work performed by Mr. Walsworth, Mr. Monte, and Ms. Giffin.

### III. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 14) should be and hereby is **GRANTED**. Plaintiff's previously filed Motions for Default Judgment (ECF No. 10; ECF No. 12) are **DENIED AS MOOT**.

Judgment is hereby entered in favor of Plaintiff Fleet Lease Exchange Co., Inc. d/b/a Flexco Fleet Services against Defendant GIG Logistics, Inc. in the amount of $96,711.15. The Court awards counsel for Plaintiff, Ms. Elizabeth Fletcher, reasonable attorney's fees of $9,018.11. The Court also awards counsel for Plaintiff, Mr. Ian R. Walsworth, reasonable attorneys' fees of $9,772.50 and costs of $313.00. Combined, the judgment total stands at $115,814.76.

**IT IS SO ORDERED**, this 14th day of January, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge